```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                  PINE BLUFF DIVISION


MICHAEL A. WRENN                                     PETITIONER


vs.              Civil Case No. 5:09CV00066 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                    RESPONDENT
```

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

> 1. Why the record made before the Magistrate Judge is inadequate.
>
> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Michael A. Wrenn, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury on September 2, 2003, of first degree domestic battering, kidnaping and first degree terroristic threatening, and he received an aggregate sentence of twenty years imprisonment (Respondent's Exhibit A). On direct appeal, the Arkansas Court of Appeals affirmed the kidnaping and terroristic threatening convictions, but reversed and dismissed the

domestic battering conviction.  <u>Wrenn v. State</u>, 92 Ark. App. 167 (2005).  The court issued its mandate on October 20, 2005.

Seventy-five days later, on January 3, 2006, Petitioner filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  The trial court denied the petition on May 10, 2006, (Respondent's Exhibit F) concluding it was untimely under Ark. R. Crim.P. 37.2(c) (2005), which required Petitioner to file his petition within sixty days of the issuance of the mandate.  Petitioner did not file a timely appeal.  He filed a motion for a belated appeal, which the Arkansas Supreme Court denied on November 15, 2007, agreeing with the trial court that the petition had not been timely filed.  Petitioner's Exhibit G.  On November 6, 2008, Petitioner filed a state habeas corpus petition in the Jefferson County Circuit Court, which the court denied on February 5, 2009.  Respondent's Exhibit H.

In the present proceeding, Petitioner raises the following grounds for relief:

> 1.  He was not present when the jury was selected and counsel did not provide the opportunity for him to participate;
>
> 2.  The victim never testified that he kidnaped her and
>
> 3.   The evidence was insufficient to support his conviction and he never faced his accuser.

Respondent admits Petitioner is in his custody and that there are currently no non-futile state remedies available to him.  He contends the petition should be dismissed as untimely under 28

3

U.S.C. § 2244(d), and because Petitioner's claims are procedurally barred.

Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1]  28 U.S.C. § 2244(d)(1)(A); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). In Smith, the court held that direct review of a state criminal conviction included review by the United States Supreme Court, "and the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Petitioner Smith had appealed his conviction to the Missouri Supreme Court.

In Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc), the court applied Smith to a petitioner who had appealed his conviction only to the Missouri Court of Appeals. Without

---

[1] Petitioner has not argued that any other provisions of the statute apply.

discussing the distinction, the court extended the date Nichols' conviction became final by the ninety days allowed for seeking certiorari under U.S.Sup.Ct.R. 13.1.[2]

In a later case, Riddle v. Kemna, 523 F.3d 850, 854-55 (8th Cir. 2008), the court determined that, under Rule 13.1, the "Supreme Court can review only judgments of a 'state court of last resort,' or of a lower state court if the 'state court of last resort' has denied discretionary review."  After examining Missouri procedures, it concluded the Missouri Supreme Court is the court of last resort in Missouri, and that "[w]ithout a denial of discretionary review by" that court, "a Missouri lower court decision cannot be directly reviewed by the United States Supreme Court because 'no decision of a state court should be brought here for review either by appeal or certiorari until the possibilities afforded by state procedure for its review by all state tribunals have been exhausted,'" quoting Gorman v. Washington Univ., 316 U.S. 98, 100-01 (1942).  It held that, since the U. S. Supreme Court could not have reviewed Riddle's direct appeal, "the expiration of time for seeking [direct] review," in his circumstance, did not include the 90-day period allowed for seeking certiorari, and Riddle's conviction became final when the Missouri Court of Appeals

---

[2] Under Rule 13.3, the time is counted from the date the state court files its judgment or order to be reviewed, not from the date the court enters its mandate.

5

issued its mandate, which meant Riddle's petition was untimely. Riddle v. Kemna, 523 F.3d at 855-56.

In Ben-Yah v. Norris, 570 F.Supp.2d 1086, 1094 (E.D.Ark.2008), the district court considered Riddle and determined that, based on its review of Arkansas procedures, the Arkansas Court of Appeals is likewise not a court of last resort. If Riddle applies to Arkansas petitioners, "the expiration of the time for seeking direct review" for petitioners who did not seek review in the Arkansas Supreme Court from a Court of Appeals decision is the date the Court of Appeals decision becomes final, which is the date it issues the mandate, Ark.Sup.Ct.R. 5-3 (in all cases, mandate will be issued when appellate decision becomes final), and the limitations period starts to run the day after that date. Riddle at 856.

Here, Petitioner did not seek review by the Arkansas Supreme Court. There is no need to determine, however, whether this court agrees with the analysis in Ben-Yah because, even if I find Petitioner's conviction did not become final until after the expiration of the 90-day period, this petition is untimely. As set out above, the Arkansas Court of Appeals issued its decision on August 31, 2005. Applying the 90-day period would cause his convictions to became final on November 29, 2005, and he would have had until November 29, 2006, to file his federal habeas petition.

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner may not claim the benefit of this provision. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "time limits upon its delivery." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000). An untimely petition is not one that was "properly filed" under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The trial court and the Arkansas Supreme Court found Petitioner's Rule 37 motion was untimely, and therefore I find it did not toll the running of the limitations period under § 2244(d)(2).

Petitioner's state habeas corpus petition also did not toll the limitations period, because he did not file it until November 6, 2008, and by that time the one-year time limit had expired. A petitioner must exhaust his state court remedies before the expiration of the limitations period. See Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999).

In his Reply (DE # 10), Petitioner contends he was delayed in filing because he was attempting to obtain documents in state court regarding the victim's blood alcohol content. Also, he states in his petition that he did not know of the time limitation. A court

may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418.[3] "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

Id. at 618-19 (citations omitted). C.f Alvarez-Machain v. U.S., 107 F.3d 696, 701 (9th Cir. 1996), cert. denied, 522 U.S. 814 (1997)(equitable tolling appropriate where Federal Tort Claims Act plaintiff had been incarcerated for over two years in a foreign country, in complex case in which his life was at stake).

Petitioner did not file the present petition until March 4, 2009. He does not explain how the documents would have assisted in presenting the claims he raises here. I find his assertions do not meet the above standard, and he is not entitled to invoke equitable tolling. Thus, even if Petitioner's convictions did not become final until November 29, 2005, he did not file his federal habeas

---

[3] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

petition within the one-year time limitation in 28 U.S.C. § 2244(d)(1), and his petition is untimely. In light of this finding, there is no need to address Respondent's procedural bar argument.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 9th day of July, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge